1

2

3

4      TONYA K. BURKS,                                    Case No.: 2:19-cv-02170-KJD-EJY

5                    Plaintiff,

6             v.                                          **ORDER**
                                                          **and**
7      NEVADA H.A.N.D., INC.,                             **REPORT AND RECOMMENDATION**
                                                          **Re: PLAINTIFF'S AMERICAN WITH**
8                    Defendant.                           **DISABILITIES ACT CLAIM (ECF No. 7-1)**

9

10            Plaintiff brings this case *pro se*, and is seeking to proceed *in forma pauperis*.

11     **I.      *IN FORMA PAUPERIS* APPLICATION**

12            Plaintiff filed two Applications for Leave to Proceed *in forma pauperis*, containing identical

13     declarations required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give

14     security for them.  ECF Nos. 1 and 7.  Accordingly, Plaintiff's first request to proceed *in forma*

15     *pauperis* is granted and her second request to proceed *in forma pauperis* is denied as moot.

16     **II.     SCREENING THE COMPLAINT**

17            Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

18     under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims

19     and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted

20     or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

21     Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state

22     a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112

23     (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter,

24     accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S.

25     662, 678 (2009).  The court liberally construes *pro se* complaints and may only dismiss them "if it

26     appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

27     entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

28

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

On December 17, 2019, Plaintiff filed her original Complaint. ECF No. 1-1. On March 10, 2020, Plaintiff filed her Amended Complaint. ECF No. 7-1. Thus, the original Complaint is no longer operative and is without legal effect. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (providing "the general rule . . . that an amended complaint supercedes the original complaint and renders it without legal effect"). The Court therefore screens Plaintiff's Amended Complaint, which brings claims for relief under the American with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Fair Housing Act (the "FHA"), 42 U.S.C. § 3601 *et seq.* The Court has federal question jurisdiction over both claims pursuant to 28 U.S.C. § 1331.

Plaintiff Tonya Burks claims Defendant Nevada H.A.N.D., Inc. discriminated against her on the basis of her disability and race by refusing to transfer her to a downstairs unit at her place of residence, La Ensenada Villas Apartments.[1] ECF No. 7-1 ¶ 16-19. Plaintiff alleges she is "disabled and unable to walk up and down stairs" and, therefore, "requested a downstairs unit in writing" from Defendant. *Id*. ¶ 30-31. Although "Defendant was notified of [Plaintiff's] disability" and Plaintiff was "approved for the downstairs unit, . . . to date Plaintiff has not received a downstairs unit." *Id.* ¶ 17. Plaintiff also notes, that "other families that are not African American were provided downstairs units." *Id*. ¶ 32. Each of Plaintiff's liberally construed claims are discussed below.

---

[1] Defendant is a Nevada 501(c)(3) nonprofit "dedicated to providing affordable housing solutions for Southern Nevada's rapidly growing population." NEVADA HAND, *available at* https://www.nevadahand.org/aboutus.aspx (last visited Mar. 17, 2020). The Court notes that Plaintiff misspelled the name of her apartment complex as "La Ensenda Villas Apartments," and has made the necessary typographical changes in this Order. ECF No. 7-1 ¶ 18.

### A.     The Court recommends dismissing Plaintiff's claim under the Americans with Disabilities Act with prejudice as amendment would be futile.

Plaintiff alleges disability discrimination under the ADA, but does not identify which statutory title(s) she brings her claim under.  Title III of the ADA applies to the private sector, including non-profit organizations (42 U.S.C. §§ 12181-82; *DeBord v. Board of Educ. of Ferguson-Florissant School Dist.*, 126 F.3d 1102, 1106 (8th Cir. 1997) (internal citations omitted)).  Plaintiff's ADA claim against Defendant, a non-profit organization is, therefore, liberally construed to be brought under Title III of the ADA.

Title III of the ADA prohibits discrimination in public accommodations and states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  Title III of the ADA also provides, in part:

> The following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce—
>
> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor[.]

42 U.S.C. § 12181(7).

The apartment complex where Plaintiff lives, La Ensenada Villas Apartments, is not a place of public accommodation as defined by the ADA and, therefore, is not subject to the ADA.  Title III of the ADA does not apply to residential facilities.[2]  *Indep. Housing Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 n.14 (N.D. Cal. 1993) ("[T]he legislative history of

---

[2]     In *Indep. Housing Servs. of San Francisco*, the district court allowed the plaintiff's ADA claim to proceed despite finding that apartment complexes are not covered by the statute because the housing project at issue was "part of a program or activity of a government agency" and "public entities may not discriminate in their programs and activities."  840 F. Supp. at 1344.  In contrast, no government involvement is alleged in this case.

the ADA clarifies that 'other place of lodging' does not include residential facilities."); H.R. Rep. No. 101–485(II), at 100 (1990) ("Only nonresidential facilities are covered by [Title III]."). [3]

Because La Ensenada Villas Apartments is not a place of public accommodation as defined under Title III of the ADA, Plaintiff's Amended Complaint fails to state an ADA claim upon which relief can be granted. The Court therefore recommends that Plaintiff's ADA claim be dismissed with prejudice as no amendment to this claim will prevent dismissal.

### B. Plaintiff's Fair Housing Act claims under the failure to accommodate theory and the disparate treatment theory based on race discrimination shall proceed against Defendant.

Plaintiff argues that Defendant violated the FHA by discriminating against her on the basis of her race and disability. [4] "Under the [Fair Housing] Act, any person harmed by discrimination . . . can sue to recover for his or her own injury. . . . This is true, for example, even where no housing has actually been denied to persons protected under the Act." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (internal citations omitted). Here, although Plaintiff does not state which theory or theories she is bringing her FHA claim, the Court screens Plaintiff's FHA claim under the failure to accommodate and disparate treatment theories. [5]

---

[3]     *See also Lancaster v. Phillips Investments, LLC*, 482 F. Supp. 2d 1362, 1366–67 (M.D. Ala. 2007) *citing Indep. Housing Servs.*, 840 F. Supp. at 1344 ("[A]partments and condominiums do not constitute public accommodations within the meaning of the [ADA]."); *Reid v. Zackenbaum*, No. 05-CV-1569, 2005 WL 1993394, at *4 (E.D.N.Y. Aug. 17, 2005) (unpublished).

[4]     Although Plaintiff alleges that Defendant provided downstairs units for non-African American tenants in the discussion of her ADA claim only (ECF No. 7-1 ¶ 32), the Court liberally construes Plaintiff's Amended Complaint and analyzes Plaintiff's allegation of race discrimination as applied to her FHA claims as well.

[5]     The Ninth Circuit "clari[fied] that the vitality of a fair housing complaint should be judged by the statutory elements of an FHA claim rather than the structure of the prima facie case. . . . The FHA provides a private right of action for an 'aggrieved person' subjected to 'an alleged discriminatory housing practice.'" *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 250 (9th Cir. 1997) (internal citations omitted). "However, following the Supreme Court's decisions in *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 570, district courts [in this Circuit] have largely treated *Gilligan* as implicitly overruled." *Kucuk v. Cent. Wash. Univ.*, Case No. C17-1262JLR, 2018 WL 1570922, at *3 n.4 (W.D. Wash. Mar. 30, 2018); *Jeffrey v. Foster Wheeler, LLC*, No. 14-CV-05585-WHO, 2015 WL 1004687, at *1 n.2 (N.D. Cal. Mar. 2, 2015) ("*Gilligan* was decided years before *Iqbal* and *Twombly* and does not control over the pleading standards articulated in those cases."). Although Plaintiff is not required to *prove* a prima facie case at this pleading stage, she must still plead the general failure to accommodate and disparate treatment elements to satisfy this Court's screening requirements.

4

1    Plaintiff's Amended Complaint states a prima facie case for failure to accommodate under

2    the FHA.  To plead a failure to accommodate discrimination claim, a plaintiff must demonstrate that:

3    (1) she "suffers from a handicap as defined by the [Fair Housing Amendments Act, or the

4    "FHAA"];[6] (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3)

5    accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use

6    and enjoy the dwelling; and (4) the defendants refused to make such accommodation."  *Giebeler v.*

7    *M & B Assoc.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (internal citation omitted).

8    Here, Plaintiff's Amended Complaint demonstrates that she:  (1) suffers from a handicap

9    which renders her "unable to walk up and down stairs" (ECF No. 7-1 ¶ 30); (2) Defendant knew or

10   should have known of Plaintiff's handicap, as she "provided documents to management[,] requested

11   a downstairs unit in writing," (*id*. ¶ 31) and "was approved for the downstairs unit" (*id*. ¶ 17); (3)

12   accommodation of Plaintiff's handicap may be necessary to afford her an equal opportunity to use

13   and enjoy La Ensenada Villas Apartments; and, (4) Defendant refused to accommodate Plaintiff with

14   a downstairs unit.  Plaintiff sufficiently states a prima facie FHA claim under a failure to

15   accommodate theory and, therefore, this claim shall proceed against Defendant.

16   Plaintiff's Amended Complaint pleads a prima facie disparate treatment claim under the FHA

17   based on race discrimination, but not disability discrimination.  To plead a prima facie disparate

18   treatment FHA claim, Plaintiff must show that "(1) plaintiff's rights are protected under the FHA;

19   and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and

20   palpable injury."  *Harris*, 183 F.3d at 1051.  "Disparate treatment [under the FHA] requires some

21   showing of discriminatory intent on the part of the defendants[.]"  *McDonald v. Coldwell Banker*,

22   543 F.3d 498, 505 n.7 (9th Cir. 2008).  Notwithstanding, a plaintiff does not have to demonstrate the

23   existence of a similarly situated party that was treated better than him to "create a triable issue of

24   fact regarding discriminatory intent in a disparate treatment case . . . .  Instead, he may simply

25   produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely

26

27   [6]   The FHAA extended the FHA's protections against discrimination to those with disabilities.  Fair Housing
     Amendments Act of 1988, Pub.L. No. 100–430, § 6(a), 102 Stat. 1619 (1988).  As defined under the FHAA, a "handicap"
28   is "a physical or mental impairment which substantially limits one or more of such person's major life activities."  42
     U.S.C. § 3602(h)(1).

than not motivated the defendant and that the defendant's actions adversely affected the plaintiff in some way." *Pac. Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013) (internal citations and quotation marks omitted).

Liberally construed, Plaintiff contends that (1) her rights are protected under the FHA because she is African American and because she suffers from a disability that prevents her from walking up and down stairs, (ECF No. 7-1 ¶ 41), and (2) Defendant's discrimination caused her injuries amounting to actual and punitive damages, including "[m]ental and emotional distress, anxiety, fear and anguish;" "[p]hysical pain and suffering together with medical bills associated with [the] same;" "[d]amage to her reputation;" "[l]oss of enjoyment of life;" and, "[c]osts and legal fees, as a result of being forced to file this suit." *Id*. ¶ 48. Plaintiff also alleges that Defendant intentionally discriminated against her on the basis of her race. *Id*. ¶ 32. However, Plaintiff fails to allege any facts demonstrating any direct or circumstantial evidence that Defendant was more likely than not motivated by a discriminatory reason in denying her request for a downstairs unit based on her disability. Plaintiff, therefore, only states an FHA disparate treatment claim upon which relief may be granted on the basis of her race.

Accordingly, Plaintiff's FHA claims under the failure to accommodate theory and under the disparate treatment theory based on alleged race discrimination shall proceed against Defendant. Plaintiff's FHA claim under the disparate treatment theory based on disability discrimination is dismissed without prejudice, with leave to amend.

**III. ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court **shall** file Plaintiff's Amended Complaint (ECF No. 7-1).

1    IT IS FURTHER ORDERED that Plaintiff's Amended Complaint **shall** proceed as stated

2    against Defendant based on alleged violations of the Fair Housing Act under the failure to

3    accommodate her disability theory and the disparate treatment theory based on race discrimination.

4    IT IS FURTHER ORDERED that the Clerk of Court **shall** issue summons to Defendant

5    Nevada H.A.N.D., Inc. at 295 E. Warm Springs Road, Suite 101, Las Vegas, NV 89119. The Clerk

6    of Court **shall** deliver the same to the U.S. Marshal for service within **five (5) days** of this Order.

7    The U.S. Marshal **shall** serve the summons, a copy of Plaintiff's Amended Complaint (ECF No. 7-

8    1), and a copy of this Order, which **shall** be provided upon request of the U.S. Marshal's office by

9    the Clerk of the Court, on Defendant.

10   IT IS FURTHER ORDERED that the Clerk of the Court **shall** send the USM 285 forms to

11   Plaintiff within **five (5) days** of this Order.[7]  Plaintiff **shall** have **twenty (20) days** after receipt of

12   this Order to complete the required USM 285 forms and return the same to the U.S. Marshal at 333

13   Las Vegas Blvd South, Suite 2085, Las Vegas, Nevada 89101.

14   IT IS FURTHER ORDERED that within **twenty (20) days** after receiving a copy of the form

15   USM-285 from the U.S. Marshal showing whether service has been accomplished, Plaintiff must

16   file a notice with the Court identifying whether Defendant was served.  If for some reason Defendant

17   is not properly served within twenty (20) days after receiving a copy of the USM-285, Plaintiff may

18   file a motion with the Court stating that she seeks to have service attempted a second time on

19   Defendant.  To the extent needed, Plaintiff's motion should provide the Court with more detail

20   regarding the name and/or address for the Defendant, or whether some other manner of service

21   should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must

22   be accomplished within **ninety (90) days** of this Order.

23   IT IS FURTHER ORDERED that from this point forward, Plaintiff **shall** serve upon

24   Defendant or, if appearance has been entered by counsel, upon the attorney(s), a copy of every

25   pleading, motion or other document submitted for consideration by the Court.  Plaintiff **shall** include

26   with the original paper submitted for filing a certificate stating the date that a true and correct copy

27   of the document was personally served or sent by mail to the Defendant or counsel for the Defendant.

28

[7]    The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

7

The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (ECF No. 7-1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted, WITH LEAVE TO AMEND, as to Plaintiff's Fair Housing Act claim under the disparate treatment theory based on disability discrimination.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a second amended complaint, Plaintiff must file the second amended complaint within **thirty (30) days** of this Order. If Plaintiff chooses to file a second amended complaint, the document **must be titled** "Second Amended Complaint." The second amended complaint **must** contain a short and plain statement describing the basis for Plaintiff's claim under the Fair Housing Act under a theory of disparate treatment against Defendant with enough specificity to provide Defendant with sufficient notice of constitutional violations consistent with the laws described above.

Plaintiff is advised that if she chooses to file a second amended complaint, the Amended Complaint (ECF No. 7-1) will no longer have any effect. For this reason, **the second amended complaint must be complete in and of itself without reference to prior pleadings or other documents**. The Court cannot refer to the prior complaint to make Plaintiff's second amended complaint sufficient under the law.

IT IS FURTHER ORDERED that Plaintiff's second Application for Leave to Proceed *in forma pauperis* (ECF No. 7) is DENIED as moot.

**IV. RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's claim under the Americans with Disabilities Act be dismissed with prejudice, as amendment would be futile.

DATED THIS 24th day of March, 2020.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

8

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).