UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TONYA K. BURKS,

      Plaintiff,

    v.

NEVADA H.A.N.D., INC.,

      Defendant.

Case No.: 2:19-cv-02170-KJD-EJY

**ORDER**

Presently before the Court is *pro se* Plaintiff's Motion for Review (ECF No. 14) and Motion for Recusal of Judge.  ECF No. 16.  The Court finds as follows.

**I.      BACKGROUND**

Plaintiff initiated this action in December 2019 by filing an Application to Proceed *In Forma Pauperis* (ECF No. 1), attached to which was a Complaint.  ECF No. 1-1.  Before that Complaint was screened, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (ECF No. 7), attached to which was an Amended Complaint.  ECF No. 7-1.

On March 24, 2020, the Court issued its first Order and Report and Recommendation, finding Plaintiff stated sufficient facts to allege Fair Housing Act (the "FHA") claims under a failure to accommodate disability theory, and under the disparate treatment theory based on race discrimination.  ECF No. 8 at 7.  The Court ordered the Clerk of the Court to send Plaintiff the USM 285 form, and instructed Plaintiff to complete and return the USM 285 form to the U.S. Marshal for service.  *Id*.  The Court also dismissed Plaintiff's Amended Complaint without prejudice with leave to amend as to Plaintiff's FHA claim under the disparate treatment theory based on disability discrimination, and recommended that Plaintiff's claim under the Americans with Disabilities Act be dismissed with prejudice as amendment would be futile.  *Id*. at 8.  The Court permitted Plaintiff to file a second amended complaint within thirty days of its Order and Report and Recommendation if she so desired.  *Id*.  Thereafter, Plaintiff untimely filed a Motion for Leave to File Second Amended Complaint.  ECF No. 11.

On August 18, 2020, the Court issued its second Order and Report and Recommendation on Plaintiff's proposed second amended complaint.  ECF No. 12.  The Court found Plaintiff failed to allege sufficient facts to demonstrate that she suffers from a disability as defined by the Fair Housing Amendments Act, a necessary element of an FHA claim under the failure to accommodate disability theory.  *Id*. at 2, *citing Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (internal citation omitted).  Plaintiff also failed to "allege facts demonstrating any direct or circumstantial evidence that Defendant more likely than not discriminated against her on the basis of her race or disability, a requisite element of a disparate treatment FHA claim." *Id*., *citing Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).  Although the Court recommended Plaintiff's proposed second amended complaint be dismissed for failure to state claims upon which relief may be granted, the Court also recommended that Plaintiff's Amended Complaint remain as the operative complaint.  *Id*. at 2 and 4.  In addition, the Court noted that "[t]o date, there is no indication … whether the USM 285 was returned by Plaintiff and, if so, any attempt to serve Defendant was made by the U.S. Marshal." *Id*. at 3.  To that end, the Court instructed the U.S. Marshal to advise whether the USM 285 form was received from Plaintiff and, if so, whether service was attempted.  *Id*.  The same day, the U.S. Marshal filed the summons returned unexecuted, indicating "no USM 285 [was] received for service."  ECF No. 13 at 2 (internal alterations omitted).

## II.    DISCUSSION

### A.    Plaintiff's Motion for Review (ECF No. 14) is Denied.

Plaintiff requests that the Court review her proposed second amended complaint again.  ECF No. 14 at 1.  Liberally construed, Plaintiff's Motion asks for reconsideration of a prior order. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, . . . and . . . must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citation and quotation marks omitted).  Generally, a "motion for reconsideration should not be granted, absent highly unusual circumstances."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  The Ninth Circuit limits the grounds for reconsideration into three primary categories including: (1) when there is newly discovered evidence; (2) where there is a need to correct clear error or prevent manifest injustice; or, (3) when an intervening change in controlling law requires

review and potential revision to a prior order.  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  Plaintiff does not discuss or cite to the grounds for reconsideration, and the Court has the authority to deny Plaintiff's Motion for Review on this basis alone.  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).  However, acknowledging that Plaintiff is proceeding *pro se*, the Court addresses the contentions she raises in her Motion.

Plaintiff claims it is not her fault that Las Vegas was "closed down due to the COVID[-]19" pandemic and, therefore, the Court should not have dismissed her untimely Motion for Leave to File Second Amended Complaint as futile.  ECF No. 14 at 1.  Plaintiff misunderstands the Court's second Order and Report and Recommendation.  In fact, the Court acknowledged that although Plaintiff's Motion to Amend was untimely, the Court would screen the proposed Second Amended Complaint.  *Id.* at 1.  The Court did screen Plaintiff's proposed Second Amended Complaint and  recommended dismissal because Plaintiff failed to allege sufficient facts to state FHA accommodation and disparate treatment claims, not on the basis of timeliness.  ECF No. 12 at 2.

Plaintiff also questions why the undersigned allegedly barred her claims from proceeding against Defendant Nevada H.A.N.D., Inc. in this action, but permitted Plaintiff's housing discrimination claim to proceed against non-party Westland Hacienda Hills, LLC ("Westland") in another case Plaintiff filed in this District.  ECF No. 14 at 2-3, *citing* Case No. 2:19-cv-02168-RFB-DJA.  Plaintiff again misunderstands the Court's previous Orders and Reports and Recommendations.  The Court did not bar Plaintiff's operative Amended Complaint from proceeding against Nevada H.A.N.D., Inc. in its entirety.  To the contrary, the Court ordered that "Plaintiff's Amended Complaint shall proceed as stated against Defendant [Nevada H.A.N.D] based on alleged violations of the Fair Housing Act under the failure to accommodate her disability theory and the disparate treatment theory based on race discrimination."  ECF No. 8 at 7 (internal alteration omitted).  As for Plaintiff's claim against Westland, the undersigned is not a judge assigned to that case and must evaluate Plaintiff's claims against Nevada H.A.N.D. based on the factual allegations she alleges in the complaint or subsequent amended complaints she files in this action.

Here, Plaintiff named Nevada H.A.N.D., Inc. as a Defendant, and the Court has properly screened the Amended Complaint and proposed Second Amended Complaint that Plaintiff filed.

1  The screening provided the Court's reasons for recommending dismissal of Plaintiff's proposed

2  Second Amended Complaint while also recommending the Amended Complaint proceed as

3  previously ordered.  There was no error of law or fact in the Court's determinations, there was no

4  intervening change in the law, and Plaintiff presents no newly discovered evidence.  For these

5  reasons, the Court denies Plaintiff's Motion for Review.

6  **B.     Plaintiff's Motion for Recusal of Judge (ECF No. 16) is Denied.**

7  "Whenever a party to any proceeding in a district court makes and files a timely and sufficient

8  affidavit that the judge before whom the matter is pending has a personal bias or prejudice either

9  against him or in favor of any adverse party, such judge shall proceed no further therein, but another

10  judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.  The legal sufficiency of a motion

11  for recusal is determined by the judge against whom recusal is sought.  *U.S. v. Azhocar*, 581 F.2d

12  735, 738 (9th Cir. 1978).  Only after the legal sufficiency of the required affidavit is determined does

13  it become the duty of the judge to "proceed no further" in the case.  *Id*. (internal citations omitted).

14  The affidavit must "state facts and reasons which tend to show personal bias and prejudice regarding

15  justiciable matter[s] pending and must give support to the charge of a bent of mind that may prevent

16  or impede impartiality of judgment." *Hussein v. Univ. and Cmty. Coll. Sys. of Nev.*, Case Nos. 3:04-

17  CV-0455 JCM (GWF), 3:05-CV-0076 JCM (GWF), 2010 WL 3385298, at *1 (D. Nev. Aug. 24,

18  2010), *citing Berger v. U.S.*, 255 U.S. 22, 33 (1921).  Further, the facts alleged must be "sufficient

19  to convince a reasonable man" of the judge's actual bias or prejudice.  *Curry v. Jensen*, 523 F.2d

20  387, 388 (9th Cir. 1975).  Here, Plaintiff has not submitted the required affidavit of prejudice and,

21  therefore, any request for recusal is improper. *Cf. U.S. v. Perry*, Case No. CR-LV-118-HDM, 1990

22  WL 43730, at *2 (D. Nev. Feb. 12, 1990) ("The court concludes, on the basis of the information

23  provided to the court . . . in his motion and accompanying affidavit, that he has failed to set forth a

24  basis for concluding that there is a statutory bias on the part of the undersigned against the movant").

25  Nonetheless, the Court reviews Plaintiff's representations in her Motion for Recusal given

26  Plaintiff's *pro se* status.  Plaintiff requests the undersigned be removed as a judge in this case, as

27  well as from the other action that she filed in this District Court.  ECF No. 16 at 1; *see also* Case No.

28  2:19-cv-02168-RFB-DJA.   Plaintiff alleges, in conclusory fashion, that the undersigned has

"personal connections" with Defendant Nevada H.A.N.D., Inc., and may retaliate against Plaintiff in presiding over her two cases.  *Id.*  Plaintiff again claims the undersigned unfairly denied her Motion for Leave to File Second Amended Complaint because it was "turned in late," and questions why her other case was permitted to proceed.  *Id.*  However, as stated above, Plaintiff's Motion for Leave to File was not denied because it was untimely, but because it failed to provide sufficient fact upon which to state FHA claims under the failure to accommodate and disparate treatment theories asserted.  ECF No. 12 at 2.  Moreover, the undersigned is not a judge assigned to Plaintiff's other pending case apparently concerning a different defendant.

Because Plaintiff fails to provide the Court with any legally sufficient basis requiring recusal, her Motion seeking this result is denied.

### C.  Plaintiff has Failed to Provide the USM 285 Form to the U.S. Marshal, Precluding Service on Defendant.

The U.S. Marshal for the District of Nevada advises the Court that Plaintiff never returned a completed USM 285 form and, therefore, service was not attempted on Defendant.  ECF No. 13 at 2.  In her filings, Plaintiff represents that "the paperwork for the U.S. Marshal[] . . . wasn't mailed to [her]," but she then states that she "had to wait until the courts opened up and the [Clerk of the Court] gave [her] 9 [copies] just in case."  ECF No. 14 at 7.  Thus, Plaintiff apparently did receive the USM 285 forms she was required to complete and return to the U.S. Marshal for purposes of accomplishing service on Defendant.[1]

## III.   ORDER

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Review (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Recusal of Judge (ECF No. 16) is DENIED.

IT IS FURTHER ORDERED that Plaintiff SHALL mail to the U.S. Marshal for the District of Nevada a completed USM 285 form for service on Defendant Nevada H.A.N.D. no later than **December 4, 2020**.  The address for mailing is:

---

[1]    The USM-285 form is also available at www.usmarshals.gov/process/usm285.pdf.

5

Gary Schofield
U.S. Marshal
333 Las Vegas Blvd South
Suite 2085
Las Vegas, Nevada 89101.

Upon receipt of the USM 285 form, the U.S. Marshal is instructed to attempt service on Defendant Nevada H.A.N.D., Inc.

IT IS FURTHER ORDERED that within **twenty (20) days** after receiving a copy of the Form USM-285 from the U.S. Marshal showing whether service has been accomplished, Plaintiff shall file a notice with the Court identifying whether Defendant was served.

IT IS FURTHER ORDERED that Plaintiff's failure to comply with the terms of this Order shall result in a recommendation to the District Judge that this action be dismissed.

DATED this 17th day of November, 2020.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE